## BLACK RIVER LUMBER CO v KENT, et

Ohio Appeals, 9th Dist, Lorain Co
No 541. Decided Oct. 21, 1930

G. A. Resek, Lorain, for Lumber Co.

H. G. King, Lorain, for Kent.

Sawyer, Cummings & Strong, Cleveland, and Fauver & Fauver, Elyria, for defendant The Cleveland Trust Co.

Mooney, Hahn, Loeser, Keough & Beam, Cleveland, and A. W. Cinniger, Lorain, for defendant Citizens Home & Savings Assn Co.

Van Duesen & Calhoun, Lorain, for defendant, Henry Furnace & Foundry Co.

D. A. Cook, Lorain, for defendant Wilbur A. Edwards.

PARDEE, J.

We have read a transcript of the evidence taken in the trial court, which has been submitted to us for our consideration, it being the only evidence offered, and we are unanimously of the opinion that said defendant has not sustained the burden of proof cast upon it to show such waiver by agreement.

A waiver by operation of law is claimed by virtue of the following section, to wit:

"All liens or claims for liens which may arise or accrue under the terms of this act shall be assignable. No lien provided for in this act shall be defeated or waived by the taking by the lien claimant, from any person of any promissory note or notes or of any

security for such debt other than upon the real estate itself, in the absence of a written agreement that the taking of such note or notes or such security shall be a waiver of the lien."

**Sec. 8323-6 GC.**

Mechanic's liens are creatures of law, and the right to have them may be given or withheld by the legislature. If the right is given to have them upon certain conditions, those are conditions precedent which must be complied with to have a valid lien. If the right to have a lien is given, the legislature may provide how, when, and under what circumstances the lien may become void, waived or taken away.

By the foregoing section the legislature clearly intended that a mechanic's lien should remain as security for the debt unless waived by the lien claimant, and by the language used in said section it is expressly stated what acts shall not be a waiver of the lien.

Therefore, the lien is not waived (a) by taking a promissory note or notes to evidence the debt, nor (b) by taking any kind of security for the debt such as collateral, chattel mortgages, or mortages upon real estate other than that covered by the lien, unless at the time the note or notes or the new security is given it is the intention of the parties that the lien be waived and the agreement to waive is in writing; and unless there is such intention, so expressed, it will be assumed that the new security is in addition to and not a substitute for the old.

So, how may a lien be waived by the terms of said section?

One of the methods provided therein is by taking other security than the land covered by the lien, with the agreement to waive the lien, if such agreement is reduced to writing.

Another method claimed by said defendant and denied by plaintiff is by taking the real estate covered by the lien as security for the debt; and that claim is based upon that part of the foregoing section which reads as follows, to wit:

"No lien provided for in this act shall be *** waived by the taking by the lien claimant ** of any security for such other than upon the real estate itself."

The words "any security" refer to any kind of security the lien claimant is willing to accept, different from that which he then has, which is the real estate which his lien then covers; so if the lien claimant accepts the lien-covered property as security for his debt, it being the property then covered, it is not "security for such debt other than upon the real estate itself" but is security upon "the real estate itself" and is by the language of said section a waiver of the lien.

A lien therefore may be waived under said section by (a) taking the real estate covered by the lien as security for the debt represented by the lien, or (b) by taking other security, with the agreement to waive the lien, when such agreement is reduced to writing.

So, if the lien claimant takes the land covered by the lien as security for the debt by a method different in form from that which he then has, which of course could be done only by a properly drawn, executed and delivered deed in the form of a mortgage or otherwise, then, as the law clearly states, he by so doing loses his lien and his rights thereunder, because he has taken upon the same land a new and different security of a higher order, which shall be considered as a substitute for the other security which it has displaced.

The evidence in this case shows that the plaintiff took as security for his new note the land covered by the original liens and other land of the defendants Kents, said other land being lot 566 and the homestead of said debtors, to secure not only the amounts of the two liens but the balance of the running account which Kents owed to said plaintiff. By so doing the plaintiff took as security the original real estate covered by the original liens, and the fact that the note includes other indebtedness of the defendants Kents to the plaintiff and the mortgage covers other real estate of said Kents, which was not covered by the the lien, does not change the fact that the original real estate is still security for the original debts secured by the original mechanic's liens.

"A presumption of law is an inference which, in the absence of direct evidence on the subject, the law requires to be drawn from the existence of certain established facts."

**22 C. J., p. 82, sec. 25.**

It being clearly established by the evidence in this case that the original debts secured by the two mechanic's liens are now secured upon the same land which was covered by the mechanic's liens, it therefore follows, as a presumption of law, that the plaintiff, when it took said mortgage,

waived the two mechanic's liens which it had prior thereto.

A decree may therefore be drwan in accordance wih this conclusion.

Funk, PJ, and Washburn, J, concur.